RAINWATER *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 5—103.]

**Homicide—Continuance for Witness.**

The accused in a murder charge having failed to cause a witness to be recognized or summoned to appear at the trial is not entitled to a continuance on account of his absence when the case is called for trial.

**Instruction on Self-Defense.**

Instructions in a homicide case are erroneous and prejudicial to the accused when under all of them taken together the jury were required to convict him of manslaughter, notwithstanding he may have killed his assailant in his necessary self-defense; and where there is evidence tending to show that the ground of self-defense existed the accused should have had the full benefit of the law of self-defense.

APPEAL FROM WHITLEY CIRCUI TCOURT.

June 14, 1883.

OPINION BY JUDGE LEWIS:

Appellant being indicted for the murder of Aden Donell, the jury returned a verdict of guilty and fixed his punishment in the state penitentiary for a period of twenty-one years, and judgment having been rendered in accordance with it he has appealed to this court.

Appellant, having failed to cause the witness, Blain, to be recognized or summoned to appear at the trial, was not entitled to a continuance on account of his absence when the case was called. The admonition of the court to the witness to be present at the trial did not dispense with the necessity of appellant using due diligence and the means provided by law to procure the attendance of the witness.

It is next complained that the court improperly instructed the jury. The court in the first instruction told the jury in substance that if they believed from the evidence the defendant wilfully and with malice aforethought shot and killed Aden Donell with a pistol, not in his necessary or apparently necessary self-defense, they must find him guilty of murder. In the fourth instruction they are told that unless they believe from the evidence, beyond a reasonable doubt, that the defendant shot and killed said Donell wilfully, with previous malice and not in his necessary or apparently necessary self-defense, they must find him guilty of murder.

Neither of these two instructions is objected to by appellant's counsel. But it is contended that the court erred to his prejudice in refusing, upon his motion, to insert in instruction No. 2 the words "or apparently necessary self-defense," and to add the same words at the close of instruction No. 5. No. 2, as given, is as follows: "That if they do not believe defendant shot and killed said Donell with previous malice, but do believe from the evidence, beyond a reasonable doubt, that defendant shot and killed said Donell without malice, but in sudden heat or passion and not in his necessary self-defense, in that case they will find him guilty of manslaughter," etc. Instruction No. 5 is the converse of No. 2 as No. 4 is the converse of No. 1, and is as follows: "Nor will they find him guilty of manslaughter unless they believe from the evidence, beyond a reasonable doubt, that the defendant shot and killed deceased not in his necessary self-defense."

As the instructions stand the jury are substantially instructed that, although they may believe the killing was wilfully and maliciously done, still they are not authorized to find him guilty of murder if the

act was committed in his apparently necessary self-defense, while if they believe the defendant shot and killed deceased without malice, and in sudden heat and passion, they must find him guilty of manslaughter notwithstanding he may have shot in his apparently necessary self-defense.

The jury was hardly authorized to find the defendant guilty of murder, for the evidence tended to show that the killing was done in a sudden affray, without previous malice, and that the deceased, being under the influence of liquor, first assaulted appellant and was upon him when shot. Therefore, applying the law so as to give the defendant the right to act upon apparent necessity in one state of case, and to deny him the right in the other, served to more positively and directly, than would otherwise have been the case, call the attention of the jury to the fact that they were required to find him guilty of manslaughter unless the killing was actually necessary to save himself. Besides, one of the witnesses states that the deceased was not at the time armed; that he, witness, had his barlow knife. But the evidence does not show that appellant was aware of that fact. Still, under the instructions the jury were required to convict him of manslaughter notwithstanding he may have killed his assailant in his (appellant's) necessary self-defense. The instruction should have been amended as asked by appellant's counsel, and he should have had the full benefit of the law of self-defense, which he did not have as the instructions were given to the jury.

Instruction No. 7 was not only unnecessary, but under the circumstances of this case was calculated to prejudice the rights of appellant and deprive him of a fair trial. It is to be presumed that the jury knew, without an admonition from the court, that it was their duty to carefully weigh and consider the evidence, and reject and disregard such as they did not believe to be true. In view of the fact that there was an attempt to contradict one of the witnesses for the defendant—the only one who saw the killing—and that there were brought out by the commonwealth statements made by the appellant favorable to himself, the instruction was calculated to prejudice the minds of the jury against the appellant and the evidence favorable to his defense.

The judgment of the court must be *reversed* and cause remanded for a new trial in conformity to this opinion.

*C. W. Lester, for appellant.*
*P. W. Hardin, for appellee.*